THOMAS H. PEABODY *et al. vs.* WESTERLY WATER WORKS *et al.*

WASHINGTON—JULY 7, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A bill in equity against a town and a private corporation which sets forth causes of suit concerning the complainants as tax-payers in the town, and also a cause

of suit concerning one of the complainants as a stockholder in said corporation, the corporation being alone interested in the latter cause of suit, is multifarious, and demurrable.

A town proposed to purchase from a private corporation a system of water works located partly in Rhode Island and partly in Connecticut, the corporation and the town having been specially authorized by the General Assembly of Rhode Island, the one to sell and the other to buy said property. The Legislature of Connecticut had authorized the corporation to construct and maintain the part of said water works in that State, the charter of the corporation containing a provision for the sale referred to :—

*Held*, that the proposed purchase and sale were not *ultra vires.*

*Held*, further, that while the authority granted by the Legislature of Connecticut might be a revocable license, it is not to be presumed that said Legislature will arbitrarily revoke the same because of the proposed change of ownership

The town had been authorized by the General Assembly to hire two hundred thousand dollars for purposes incident to the above-mentioned purchase :—

*Held*, that this empowered the town to incur an indebtedness to that extent in excess of the three per centum limitation fixed by statute.

The fact that inequality of benefits to the tax-payers in different parts of the town may result from said purchase raises no constitutional objection to the proposed action of the town.

A sale of the corporation property that has been approved by more than 1,100 out of a total of 1,350 shares cannot be enjoined by a minority stockholder in the absence of proof of any unfairness, oppression, or fraud in making said sale.

BILL IN EQUITY to restrain the sale to and purchase by a town of a system of water works belonging to a private corporation. Heard on question of injunction, with agreement of parties that same should have the same effect as a hearing on the bill.

PER CURIAM. This is a bill to enjoin the town of Westerly from purchasing the Westerly Water Works. The complainants are tax-payers of the town, and one of them is also a stockholder in the Westerly Water Works. The bill sets forth not only causes of suit which concern the complainants as tax-payers, but also, in so far as the complainant Peabody is concerned, a cause of suit which relates to him as a stockholder in the Westerly Water Works, and in which that corporation alone of the several respondents is interested. We think that the bill, in thus combining causes of suit not common to both the complainants, and with one of which only one of the respondents is concerned, is multifarious, and consequently demurrable.

The grounds of the bill, in so far as it is a bill in favor of tax-payers, are :

1.    That the proposed purchase by the town is *ultra vires.*

2.    That the Westerly Water Works cannot sell nor the town acquire that portion of the plant of the former, with its appurtenances, rights, privileges, and franchises, situated in the towns of Stonington and North Stonington in the State of Connecticut.

3.    That by the purchase the town of Westerly would incur an indebtedness in excess of three per cent. of its taxable property, without having obtained special statutory authority as required by Gen. Laws R. I. cap. 37, § 21.

4.    That the town of Westerly cannot purchase the Westerly Water Works at the expense of the town, to be paid for by a tax levied on all the taxable property of the town, because such action would be in conflict with Const. R. I. Art. 1, §§ 2, 5, 10, 16, and with the amendment Art. 14, § 1, to Const. U. S., the property of the complainant Sweeney and of other tax-payers outside of the limits of the Westerly Fire District being in no manner benefited by the water works, and therefore not liable to be taxed therefor.

1.    As to the claim that the proposed purchase and sale are *ultra vires*, it is necessary only to refer to the Act of the General Assembly of May 26, 1897, expressly authorizing the Westerly Water Works to sell, and the town of Westerly to purchase, all or any of the lands, water, water rights, estates, real, personal or mixed, property contracts, franchises, rights and privileges of the former, and whether situated, held, enjoyed or exercised by it within or without the State of Rhode Island.

2.    The claim that the Water Works cannot sell, nor the town acquire, that portion of the plant of the former situated in the towns of Stonington and North Stonington, Connecticut, rests on the assumption that the right granted by the legislature of Connecticut to the Water Works to construct and maintain that portion of its plant in that State is merely a revocable license specially conferred on the Water Works. Granting this to be true, it is not to be assumed that the

legislature of Connecticut will arbitrarily revoke the license because of a change of ownership from the Water Works to the town. No reason is shown why the ownership of the plant by the town of Westerly instead of by the Water Works should be deemed objectionable by the legislature of Connecticut. Moreover, the charter of the Westerly Water Works expressly provides for a sale of its plant to the town, and it is not improbable that that provision was known to the legislature of Connecticut when it granted the license and the possibility of such a sale was contemplated in granting the license.

3. The act of the General Assembly of May 26, 1897, authorizes the town of Westerly to hire the sum of two hundred thousand dollars for the purpose of purchasing, acquiring, building or constructing a system of water works, and of improving and adding to the same, and to issue its notes or bonds therefor. The town is thus granted special authority to borrow the sum of two hundred thousand dollars, and has therefore the statutory authority required by Gen. Laws R. I., cap. 36, § 21, to incur an indebtedness to that extent in access of three per cent. of its taxable property ; and though the town has incurred, as appears by the affidavits filed, other liabilities under a contract made by it for a system of water works of its own, it does not appear that its present indebtedness, or that its indebtedness in the future outside of the two hundred thousand dollars specially authorized, will at any time exceed the three per cent. limit imposed by the statute.

4. We see no constitutional objection to the proposed action on the ground of inequality of benefits to be derived by tax-payers resident in different parts of the town. It is assumed by the complainants that only those who are residents within the limits of the Westerly Fire District will be benefited by the purchase. The authority however to the town to make the purchase, and the vote of the town, contemplates the acquisition of a water works system for the town, not merely for the fire district, and we cannot assume

that its benefits will not be extended beyond the limits of the fire district as rapidly as can reasonably be done.

In so far as the bill relates to the rights of the complainant Peabody as a stockholder, it proceeds on the ground that a majority of the stockholders of the Water Works are disposing of its property at a price which he thinks inadequate. The action of the company has been taken by a vote of more than 1,100 out of a total of 1,350 shares. There is no proof of any unfairness, oppression or fraud in such action. The case as presented is simply that of a stockholder who differs from a large majority of his fellow stockholders as to the expediency of a sale. No reason is shown for the intervention of the court.

We see no ground for the continuance of the *ex parte* injunction, and, in accordance with the stipulation of the parties that the hearing on the question of injunction should have the same effect as a hearing on the bill, the bill is dismissed.

*Thomas H. Peabody, Nathan F. Dixon* and *John W. Sweeney,* for complainants.

*Francis Colwell, Walter H. Barney, Albert B. Crafts* and *Rowland W. Boyden,* for respondents.